UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONTENT ROBINSON-DOUGLAS )<br>4281 South Capitol Street, S.W. )<br>Washington, DC 20032 )<br> )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>COASTAL INTERNATIONAL SECURITY )<br>Department of Commerce )<br>1401 Constitution Avenue, N.W. )<br>Washington, DC 20230 )<br> )<br>    Defendant. )<br> )  | Civil Action No. __<br><br>JURY DEMAND DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Content Robinson-Douglas, brings this action against her former employer, Coastal International Security ("CIS" or "Defendant") for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.*

**I.    INTRODUCTION**

This is an action for equitable relief and appropriate money damages arising out of discrimination based on Plaintiff's gender in violation of Title VII of the Civil Rights Act and for retaliation in reprisal for Plaintiff's prior engagement in activity protected under the Civil Rights Act, asserting a charge of discrimination, in violation of the Civil Rights Act. The illegal discrimination and retaliation initially took the form of a suspension without pay for five (5) days effective on or about

March 29, 2016, which was followed shortly thereafter with the termination of Plaintiff's employment, on April 20, 2016, allegedly because Plaintiff had "failed an "intrusion' test". This alleged "fail[ure of] an 'intrusion' test" was a pretext for discrimination and retaliation.

## II.    JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).

2. This Court has personal jurisdiction over Defendant pursuant to D.C. Code Ann. §13-423 (a)(3).

3. Venue lies in this Court, pursuant to 28 U.S.C. §§ 1391(b) and 42 U.S.C. § 2000e-5, because the events giving rise to Ms. Robinson-Douglas' claims occurred in the District of Columbia.

## III.    PARTIES

4. Plaintiff Content Robinson-Douglas resides at 4281 South Capitol Street, S.W., Washington, DC 20032. From a date in 2003 to April 20, 2016, she worked for Defendant as a Special Police Officer at and for its operations at U.S. Department of Commerce at 1401 Constitution Avenue, N.W., Washington, DC 20230.

5. Defendant Coastal International Security, Inc. ["CIS"], incorporated under the laws of Maryland, is a for-profit corporation doing business through the provision of security services in various states, including in the District of Columbia. Its principal place of business is located at and it maintains an office at the U.S. Department of Commerce, 1401 Constitution Avenue, N.W., Washington, DC 20230.

## IV.    FACTUAL ALLEGATIONS

6. Plaintiff was employed by Defendant as a Special Police Officer continuously from 2003 until March 29, 2016.

7. At all times, Plaintiff performed her job satisfactorily.

8. On or about April 15, 2015, Plaintiff initiated an Equal Employment Opportunity Commission charge alleging that in the course of her employment she was subjected to illegal discriminatory conduct, including by personnel with the U.S. Department of Commerce, Office of Security and, specifically, William Smith, the Contracting Officer Technical Representative [COTR], who had responsibility for the Defendant's contract pursuant to which it assigned her to render her services as a Special Police Officer at the Department of Commerce.

9. On or about March 29, 2016, Plaintiff reported a violation of the governing contract rules applicable to Defendant's employees by another employee where Ray Wallace, one of her supervisors, was observed to have a government-issued key to and routine access to and use of the COTR Mr. Smith's office.

10. On March 29, 2016, Plaintiff was informed that Defendant was suspending her without pay for five (5) days for allegedly failing an 'intrusion test' conducted on that date.

11. Upon information and belief, the alleged 'intrusion test' was not conducted by using the standard and applicable procedures.

12. Upon information and belief, Plaintiff's co-workers who are male and were alleged to have similarly had an infraction resulting from a failure of an 'intrusion test' were treated more favorably and were not subjected to the same disciplinary loss of pay for the same infraction.

13. On April 20, 2016, Defendant notified Plaintiff that her employment was being terminated as of that day.

14. On April 26, 2016, Ms. Robinson-Douglas filed a complaint under Title VII with the U.S. Equal Employment Opportunity Commission charging Defendant Coastal International Security with violations of Title VII of the Civil Rights Act of 1964, as amended.

15. On April 26, 2016, the U.S. Equal Employment Opportunity Commission issued Plaintiff a notice of right to sue. *See* Exhibit A, attached.

## V.     CAUSES OF ACTION.

### COUNT ONE

### SEX DISCRIMINATION

### TITLE VII OF THE CIVIL RIGHTS ACT

### 42 U.S.C. § 20002-2

16. Plaintiff incorporates, as though restated here, each of the allegations stated in paragraphs 1 through 15 above.

17. Title VII prohibits employers from discriminating against an employee in terms or conditions of employment, including from the imposition of harsher discipline and/or terminating an employee, because of gender.

18. Defendant Coastal International Security is an employer covered by title VII.

19. Defendant treated Plaintiff differently than her male co-workers who were alleged to have committed the same infraction as set forth above.  Defendant's suspension and termination of Ms. Robinson-Douglas and the reason it has asserted for doing so, neither makes sense nor is it truthful. The asserted reason is pretext for gender discrimination, in violation of 42 U.S.C. § 20002-2.

20. Defendant's wrongful actions have caused and will cause Ms. Robinson-Douglas pecuniary losses, in the form of lost salary, benefits and future earnings, and non-pecuniary losses, including humiliation, shame, anguish and emotional distress.

21. Defendant's discriminatory actions were willful, reckless, and malicious.

## COUNT TWO

## RETALIATION

## TITLE VII OF THE CIVIL RIGHTS ACT

### 42 U.S.C. §2000e-3

22. Plaintiff incorporates, as though restated here, each of the allegations stated in paragraphs 1 through 21 above.

23. Under Title VII, it is illegal for an employer to discriminate against an employee with respect to a term or condition of employment including suspending or discharging an employee, because she has made a charge of unlawful employment discrimination.

24. Ms. Robinson-Douglas engaged in protected activity under Title VII when she filed a charge alleging discriminatory harassment by the COTR Smith and supervisory employee Wallace in April of 2015.

25. Ms. Robinson-Douglas engaged in protected activity under Title VII when she reported her observation of supervisory employee Wallace entering and using COTR Smith's office evidencing continuing inappropriate and gender-based discrimination in her workplace, to Defendant on March 29, 2016.

26. On that same day, March 29, 2016, Defendant suspended Plaintiff for five (5) days without pay allegedly for failing an 'intrusion test.'

27. Shortly thereafter, on April 20, 2016, Defendant fired her.

28. As a result of Defendant's wrongful actions, Ms. Robinson-Douglas has had, and will continue to have, pecuniary losses, in the form of lost salary, benefits and future earnings, and non-pecuniary losses, including humiliation, shame, anguish and emotional distress.

29. Defendant's discriminatory actions were willful, reckless, and malicious.

**VI.    JURY TRIAL DEMAND**

30. Plaintiff demands trial by jury of all issues so triable.

### VII. PRAYER FOR RELIEF

NOW WHEREFORE Plaintiff prays that this Honorable Court:

A. Award judgment on her behalf and against the Defendant;

B. Award her compensatory damages to compensate for pain and suffering, in an amount to be determined by a jury;

C. Award her back pay and benefits;

D. Award her reinstatement, or front pay for future economic loss in lieu of reinstatement;

E. Award her punitive damages from Defendant in an amount to be determined by a jury;

F. Award her pre-and post-judgment interest;

G. Award her costs of litigation, including attorney's fees and expert witness fees;

H. Declare that Defendant's conduct was in violation of Title VII; and

I. Award her all other relief this Court deems just.

Respectfully submitted,

/s/
H. David Kelly, Jr. (D.C. Bar 471254)
Beins Axelrod, P.C.
1030 15th Street, N.W., Suite 700 East
Washington, DC 20005
(202) 328-7222 (telephone)
(202) 328-7030 (facsimile)
dkelly@beinsaxelrod.com
**Counsel for Plaintiff**